UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MATTHEW G. SILVA,                )    No. C04-1885 JLR-MAT
                                 )
            Plaintiffs,          )
      v.                         )    ORDER
                                 )
LARRY MAYES, *et al.*,           )
                                 )
            Defendants.          )
_____ )

This matter comes before the Court under Local General Rule 8(c). Plaintiff Matthew G. Silva has filed a pro se "Motion to Recuse Magistrate Theiler" in the above-captioned matter. Dkt. # 73. The Honorable Mary Alice Theiler, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 80. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER

> proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

   Plaintiff argues that continuances granted and briefing schedules set in this and a prior action (C04-1484) are evidence that Judge Theiler is biased and will use procedural delay to deny plaintiff the relief he seeks. Judge Theiler had ample reason and adequate discretion to continue hearing dates in both cases. The first example provided by plaintiff involved an unanticipated delay in service or process because defendant's address was incorrect: a continuance of the hearing was necessary so that counsel had time to review the complaint and motion for preliminary relief before having to respond. In addition, delays of 45 days or more before a ruling is issued are, unfortunately, more and more commonplace as the number of cases pending before the judiciary increases and the amount of resources available decreases.

   Finally, the only evidence of bias presented by plaintiff is Judge Theiler's earlier

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER    -2-

discretionary decisions, from which plaintiff infers that she favors the government.  Alleging bias because a party does not like the judge's decisions raises a significant risk that the litigant is using the recusal motion for strategic purposes.  See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).  Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Theiler's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Theiler from this matter is DENIED.

DATED this 8th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge