UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW G. SILVA,

               Plaintiffs,

v.

LARRY MAYES, *et al.*,

               Defendants.

No. C04-1885 JLR-MAT

ORDER

This matter comes before the Court under Local General Rule 8(c). Plaintiff Matthew G. Silva has filed a pro se "Motion to Recuse Magistrate Theiler" in the above-captioned matter. Dkt. # 136. The Honorable Mary Alice Theiler, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 161. Plaintiff's motion is therefore ripe for review by this Court.

This is plaintiff's second attempt to remove Judge Theiler from these proceedings. Sections 144 and 455 of title 28 of the United States Code govern the disqualification of a magistrate judge. If the judge's "impartiality might reasonably be questioned" or a party shows that she "has a personal bias or prejudice" against him or in favor of the adverse party, recusal is appropriate. Only one motion for recusal may be brought in a case under 28 U.S.C. § 144, however, making relief under that section unavailable to plaintiff. In addition, a litigant cannot use the recusal process to remove a judge based on adverse rulings in the pending case: the

ORDER

alleged bias must result from an extrajudicial source. <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that a combination of procedural irregularities and adverse rulings in this and another action (C04-1484) are evidence that Judge Theiler has a "deep-seated . . . antagonism" towards him. Motion at 10. Although plaintiff correctly notes that there have been some docketing problems in this case, none of the events about which plaintiff complains reflect or give rise to an inference of bias on the part of Judge Theiler. Plaintiff is hereby advised that sending papers directly to the presiding judicial officer does not constitute "filing" under the civil rules of procedure. As stated in Local Civil Rule 7(b)(1), requests for relief are to be filed "with the clerk:" plaintiff must address all filings to the United States District Court Clerk's Office, 700 Stewart Street, Lobby Level, Seattle, WA 98101, to ensure that documents are properly entered into the record. Papers mailed directly to chambers are assumed to be copies provided for the judge's convenience (<u>see</u> Local Civil Rule 10) and are not generally forwarded to the clerk's office for docketing.

To the extent that plaintiff has identified certain "objections" and requests for relief that were not properly noted on the court's calendar for consideration, part of the problem is the temporally and substantively overlapping nature of many of the papers filed by plaintiff. In C04-1484, for example, plaintiff has twice filed appeals with the Ninth Circuit while at the same time filing grievances against an attorney and objections to defendants' filings and the court's orders. More importantly, his lack of specificity regarding the nature of the relief requested makes calendaring very difficult for the clerk's office staff. If plaintiff's "objections" seek reconsideration of Judge Theiler's decisions, the papers would be noted for consideration by Judge Theiler on the day they were filed. If, on the other hand, plaintiff is appealing the magistrate judge's decision, a different schedule would bring the matter before the presiding district court judge for resolution. In C04-1484, Judge Coughenour treated plaintiff's filings as appeals of Judge Theiler's rulings, issuing a decision regarding Dkt. # 155, 168, and 181 on or

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER                                             -2-

about July 1, 2005. Although it is unfortunate that these requests for relief were not assigned a specific noting date when filed, there is no indication that this administrative problem indicates bias or prejudice on Judge Theiler's part.

Plaintiff's other procedural challenges are equally unavailing in the context of a motion to recuse. None of them indicates the type of "deep-seated antagonism" alleged by plaintiff. Nor does the fact that plaintiff disagrees with Judge Theiler's decisions in this case indicate bias or prejudice. Plaintiff has not shown that any of those decisions are outside of her discretion or otherwise "so intolerable as to be absurd." Motion at 10. Alleging bias because a party does not like the judge's decisions raises a significant risk that the litigant is using the recusal motion for strategic purposes. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Plaintiff points to nothing other than Judge Theiler's conduct in the context of these judicial proceedings to support his claim of bias. To the contrary, none Judge Theiler's actions or decisions indicate antagonism or prejudice. Plaintiff has not, therefore, met his burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Theiler's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Theiler from this matter is DENIED.

DATED this 29th day of July, 2005.

Robert S. Lasnik
United States District Judge

ORDER                                     -3-