01

02

03

04

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW G. SILVA,                    )    CASE NO. C04-1885-JLR-MAT
                                     )
        Plaintiff,                   )
                                     )
   v.                                )    ORDER RE: PLAINTIFF'S MOTIONS
                                     )    FOR CONTEMPT, SANCTIONS AND
LARRY MAYES, et al.,                 )    DEFAULT JUDGMENT, AND A
                                     )    CONTINUANCE
        Defendants.                  )
_____     )

        Plaintiff submitted two motions for contempt (Dkt. 153), a motion for sanctions and

default judgment (Dkt. 156), and a motion for a continuance pursuant to Federal Rule of Civil

Procedure 56(f) (Dkt. 150).  Defendants object to these motions.  (Dkts. 175-77.)  Having

reviewed the materials submitted by the parties, the Court hereby finds and ORDERS:

        (1)     Plaintiff asks the Court to hold King County in contempt for failing to forward

filing fees to the Court in accordance with 28 U.S.C. § 1915.  He maintains that King County

Department of Adult and Juvenile Detention (DAJD) has a policy of refusing to collect and

forward filing fees in 42 U.S.C. § 1983 cases, pointing to their "Inmate Trust Fund Accounting"

policy and an account summary in support of this contention.  (*See* Dkt. 191.)  However, because

neither document supports the existence of such a policy, and plaintiff fails to provide any other

evidence in support of this contention, his motion for contempt citations regarding 28 U.S.C. §

1915 (Dkt. 153) is DENIED.

        (2)     Plaintiff also seeks a contempt citation relating to deposition procedures.  He

ORDER
PAGE -1

01  maintains defendants have not conferred in good faith or cooperated in establishing a deposition

02  procedure in contravention of an order of this Court.  He requests, *inter alia*, that the Court enter

03  an order requiring defendants to provide him with a notary public and tape recording equipment.

04  In response, defendants outline DAJD's deposition policy and assert plaintiff's failure to comply

05  with that policy.  (*See* Dkt. 177; *see also* Dkts. 77 and 118 in *Silva v. Mayes*, No. C04-1484JCC.)

06          As described by defendants, in order to conduct a deposition, plaintiff must provide the

07  name of a court reporter and any attorney who will be attending the deposition to the Corrections

08  Program Administrator, and specify the material or equipment those persons wish to bring to the

09  jail.  Identified individuals must provide information to facilitate a background check and any

10  materials brought must be pre-approved and removed at the completion of the deposition.

11  Deposition notices for jail staff must be sent to the DAJD attorney.  Defendants assert that the use

12  of court reporters to record depositions in civil cases is nearly universal, and note that jail policy

13  prohibits inmates from possessing tape recorders based on security concerns.  (*Id.*)

14          In an order dated February 25, 2005, the Court found similar requests from plaintiff

15  regarding deposition procedures premature and indicated that it expected the parties to confer in

16  good faith on this issue.  (Dkt. 63.)  The Court stated: "The parties are advised that the Court will

17  not order defendants to provide plaintiff with a notary public or tape recording equipment for

18  depositions unless there is no other feasible way for plaintiff to conduct depositions in this matter

19  in accordance with the applicable Federal Rules of Civil Procedure."  (*Id.* at 4.)

20          The Court also addressed this issue in the matter of *Silva v. Mayes*, No. C04-1484JCC.

21  In a December 3, 2004 order, the Court declined plaintiff's request to compel defendants to allow

22  him to have a tape recorder for the purposes of taking depositions and to provide a notary public

23  to administer the oath for each deposition, stating that plaintiff had other available means to obtain

24  discovery from defendants.  (*Id.*, Dkt. 88.)  In an April 22, 2005 order, the Court noted that, while

25  plaintiff had not demonstrated he had the resources necessary to conduct depositions, he had

26  "other available means to obtain discovery from defendants."  ( *Id.*, Dkt. 157 at 1.)  Finally, on

01  May 17, 2005, the Court adopted a Report and Recommendation which concluded plaintiff was

02  not entitled to injunctive relief with respect to his requests that notary services be provided, and

03  that he be allowed to store tape recording equipment in a legal materials box and permitted to

04  access that equipment in order to take depositions.  (*Id.*, Dkts. 149 & 172.)  The Court noted that

05  plaintiff had not yet demonstrated he was unable to obtain the necessary discovery in any other

06  fashion.  (*Id.*)

07        In this case, the Court finds no basis for plaintiff's motion for contempt in relation to

08  deposition procedures.  Plaintiff presents no evidence showing his compliance with DAJD's

09  deposition policy.  Instead, he presents the same requests the Court previously denied both in this

10  case and in *Silva v. Mayes*, No. C04-1484JCC.  Moreover, as in *Silva v. Mayes*, plaintiff fails to

11  demonstrate he attempted to secure the discovery sought through other available means.[1]

12  Accordingly, plaintiff's motion for a contempt citation regarding deposition procedures (Dkt. 153)

13  is DENIED.

14        (3)     Plaintiff's motion for sanctions and default judgment alleges contempt of court,

15  perjury, and abusive litigation practices.  In particular, plaintiff points to alleged perjury by

16  Roderick Dreyer and defendant Teri Hansen in declarations submitted to this Court, defendants'

17  apparent failure to rebut these allegations of perjury in a King County Superior Court hearing, and

18  different rationales for a jail rule given by defendant Bob Deneui.[2]

---

20      [1] Given this failing, the Court finds no need to address plaintiff's bare assertion that
defendants stole his money in order to avoid depositions in this matter.

22      [2] Plaintiff also argues in his reply that default judgment is appropriate pursuant to Federal
Rule of Civil Procedure 55 based on a failure to defend. (Dkt. 192.)  He maintains that every

23  declaration and certificate of service filed by defendants in this matter fails to comply with Federal
Rule of Civil Procedure 5(d) (service and filing pleadings and other papers) and 28 U.S.C. § 1746

24  (unsworn declarations under penalty of perjury).  ( *See also* Dkt. 129 (asserting objections to
declarations from defendants on this same basis.))  The Court considers this argument waived

25  based on plaintiff's failure to raise the issue in his motion. *See*, *e.g.*, *Officers for Justice v. Civil
Serv. Comm'n*, 979 F.2d 721, 725-26 (9th Cir. 1992) (declining to address arguments raised for

26  the first time in a reply brief).  ( *See also* Dkt. 191 (raising a similar argument in the reply to
defendants' opposition to plaintiff's motion for contempt.))  However, because it clearly lacks

ORDER
PAGE -3

01    "Courts have inherent equitable powers to dismiss actions or enter default judgments for

02    failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Systems, Inc.*

03    *v. Heidenthal*, 826 F.2d 915, 916-17 (9th Cir. 1987).  Perjury entails the voluntary and intentional

04    giving of testimony known to be false under oath about material matters.  *In re Disciplinary*

05    *Proceedings Against Huddleston*, 137 Wn.2d 560, 570, 974 P.2d 325 (1999) (citing 18 U.S.C.

06    § 1621).   Perjury could, in certain circumstances, qualify as a "willful deceit of the court"

07    supporting entry of a default judgment.    *See, e.g.*, *TeleVideo Systems, Inc.*, 826 F.2d at 917

08    (upholding default judgment where defendant admitted in a declaration filed on the day of trial that

09    he had perjured himself in prior statements made under oath).

10    Here, the Court finds no basis for the entry of sanctions or default judgment.  Plaintiff's

11    allegations of abusive litigation practices and contempt of court are no more than conclusory.

12    Moreover, the materials pointed to in support of plaintiff's specific allegations of perjury by

13    Dreyer and Hansen ( *see* Dkts. 77, 78, 119, 156 & 192 (citing various declarations and other

14    pleadings)), do not suffice to establish that these individuals voluntarily and intentionally gave

15    testimony known to be false under oath about material matters.  Nor does defendants' alleged

16    failure to rebut those allegations in a state court hearing provide sufficient support for such a

17    claim.  Likewise, the mere fact that Deneui provided different rationales for a jail rule in a

18    declaration and in a response to a grievance (*see* Dkt. 97 & Ex. 1 to Dkt. 156) does not constitute

19    perjury, or otherwise demonstrate a willful deceit of court.  For these reasons, plaintiff's motion

20    for sanctions and default judgment (Dkt. 156) is DENIED.

21    (4)    In response to defendants' motion for summary judgment and dismissal, plaintiff

22    filed a motion for continuance pursuant to Federal Rule of Civil Procedure 56(f).  He seeks an

23    additional ninety days to allow for a response to a second set of discovery requests, as well as

24    possible follow-up requests, and for the completion of depositions.  In support of his request,

25    plaintiff again alleges a failure of defendants to confer in good faith as to the establishment of a

26

merit, the Court also forewarns plaintiff against bringing forth this argument in the future.

ORDER
PAGE -4

01 procedure for conducting depositions.

02       Rule 56(f) permits a party to request a continuance to conduct further discovery in order

03 to obtain evidence to oppose a summary judgment motion.  The rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party
> cannot for reasons stated present by affidavit facts essential to justify the party's
> opposition, the court may refuse the application for judgment or may order a
> continuance to permit affidavits to be obtained or depositions to be taken or discovery
> to be had or may make such other order as is just.

07 Fed. R. Civ. P. 56(f).  Summary dismissal is generally disfavored "where relevant evidence remains

08 to be discovered." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).  However, a party

09 opposing a summary judgment motion must "show that additional discovery would uncover

10 specific facts which would preclude summary judgment."  *Maljack Prods., Inc. v. GoodTimes*

11 *Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996).  Also, a Rule 56(f) request may be denied

12 if the party requesting a continuance did not seek discovery diligently.  *See Mackey v. Pioneer*

13 *Nat'l Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989) (upholding refusal of Rule 56(f) request where

14 movant had been granted an additional month to conduct discovery).

15       Defendants note that this is plaintiff's second request for a discovery continuance, and

16 assert his lack of diligence, pointing to his failure to follow DAJD's deposition policy and the

17 untimely submission of his second set of discovery requests.  Defendants also assert that plaintiff

18 makes no showing of what information he seeks through depositions, or how such information will

19 preclude summary judgment.

20       By order dated April 22, 2005, the Court granted plaintiff a thirty-day extension of the

21 discovery deadline in this case.  (Dkt. 99.)  The Court indicated that that order was "without

22 prejudice to the parties to seek a further continuance of case deadlines as warranted."  (*Id.* at 2.)

23 The Court questions whether plaintiff diligently pursued discovery either within the original time

24 frame established for discovery or within the additional time period granted.  The Court also notes

25 that plaintiff's motion for a continuance does fail to specify what specific facts precluding summary

26 judgment additional discovery would yield.  Nonetheless, the Court finds one additional discovery

ORDER
PAGE -5

01  extension appropriate in this case.

02      However, in granting this continuance, the Court stresses the following.  First, the Court

03  again finds no basis for ordering defendants to provide plaintiff with a notary public or tape

04  recording equipment for depositions.  As repeatedly explained in     *Silva v. Mayes*, No. C04-

05  1484JCC, plaintiff has other available means to obtain discovery from defendants.  Second, no

06  additional extensions of the discovery deadline will be granted in this case.  All discovery,

07  including any "follow-up requests," must be completed by the final discovery deadline established

08  by this order.  Finally, the Court finds a thirty-day extension, rather than the ninety days requested

09  by plaintiff, a sufficient period of time in which to complete discovery.

10      In sum, plaintiff's motion for a continuance (Dkt. 150) is GRANTED in part.  The

11  discovery deadline in this case is extended as indicated below.

12      (5)     The Court also finds supplemental briefing from defendants necessary in order to

13  properly consider plaintiff's pending motion for partial summary judgment.  The supplemental

14  briefing should total no more than **ten (10)** pages and should address the following:

15          (a)     The proper analysis to apply to pretrial detainees in considering whether

16              the state law at issue in plaintiff's motion for partial summary judgment

17              creates a liberty interest; and

18          (b)     Whether Washington Administrative Code Title 289 continues to have

19              legal effect.

20  In addressing these issues, defendants should take into consideration all arguments raised in

21  plaintiff's motion and reply in support of partial summary judgment. ( *See* Dkts. 81 & 101.)

22  Defendants should submit this supplemental briefing, and plaintiff may submit a supplemental reply

23  totaling no more than **five (5)** pages, in accordance with the deadlines indicated below.

24      (6)     The deadlines and noting dates previously set in this case are hereby extended as

25  follows:

26          *       All discovery shall be completed by **September 30, 2005**.

ORDER
PAGE -6

01          *        Any opposition to defendants' motion for summary judgment and dismissal

02               must be filed on or before **October 31, 2005,** and defendants may file a

03               reply on or before **November 4, 2005**.

04          *        Defendants must submit the supplemental briefing requested above on or

05               before **October 31, 2005**, and plaintiff may file a supplemental reply on or

06               before **November 4, 2005**.

07          *        Defendants' motion for summary judgment and dismissal (Dkt. 137) and

08               plaintiff's motion for partial summary judgment (Dkt. 81) are hereby

09               RENOTED for consideration on **November 4, 2005**.

10          *        Counsel for defendants and plaintiff are directed to confer and provide the

11               Court with a joint pretrial statement by no later than **February 3, 2006**.

12       (7)      The Clerk is directed to send copies of this Order to plaintiff, to counsel for

13 defendants, and to the Hon. James L. Robart.

14         DATED this _31st_ day of August, 2005.

15

16                       Mary Alice Theiler
                         United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE -7