```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
```

| | |
|---|---|
| MATTHEW G. SILVA, | CASE NO. C04-1885-JLR-MAT |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| LARRY MAYES, et al., | |
| Defendants. | |

### INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. This matter comes before the Court on plaintiff's third and fourth motions for preliminary injunctive relief. (Dkts. 148 & 179.) Defendants oppose these motions. (Dkts. 178 & 194.) The Court, having considered the papers and pleadings submitted by the parties, as well as the balance of the record in this matter, concludes that both of plaintiff's pending injunctive relief motions should be denied.

### DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary injunction must satisfy one of two standards, the "traditional" or the "alternative." *Cassim v.*

*Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Id.* (citations omitted).

These standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). "Under either test, the party seeking the injunction must show that a significant threat of irreparable harm exists" and an injunction "should be narrowly tailored to remedy the specific harm alleged." *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* (emphasis in original).

As the United States Supreme Court has noted, "'[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2948, pp. 129-30) (emphasis added by Supreme Court). In addition, the Prison Litigation Reform Act (PLRA) enacted the following provisions regarding preliminary relief:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in [18 U.S.C. § 3626(a)(1)(B)] in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date

that is 90 days after its entry, unless the court makes the findings required under [18 U.S.C. § 3626(a)(1)] for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

### Plaintiff's Third Motion for Preliminary Injunctive Relief

Plaintiff's third motion for preliminary injunctive relief relates to money taken from his account by the King County Department of Adult and Juvenile Detention (DAJD) in January and February 2005. Plaintiff asserts DAJD took the money at issue without lawful authority. The parties agree that these funds were removed to cover copying costs. Plaintiff asserts that the money was taken in contravention of DAJD policy, which indicates that inmates are charged for copying costs of legal documents unless they are proceeding *in forma pauperis*. (*See* Dkt. 148, Ex. 1.) He asserts generally that his motion rests on the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, and specifically alleges defendants shut off the air-flow in his unit after he filed a criminal complaint regarding this issue, that he needs the money to access the courts, and that defendants previously admitted advance notice is required prior to taking money from prisoner accounts pursuant to any new policy.

Defendants assert plaintiff's failure to show that DAJD's policy is unlawful or has restricted his access to the courts. They argue that, as a result, plaintiff has not demonstrated a likelihood of success on the merits, irreparable injury, a balance of hardships in his favor, or advancement of the public interest. Although noting an apparent discrepancy between the language of the copying policy provided by plaintiff in support of his motion and defendants' assertion that copying costs were removed in accordance with DAJD policy, for the reasons described below, the Court agrees that plaintiff's third motion for preliminary injunctive relief should be denied.

In his amended complaint, plaintiff asserts defendants violated his First, Fifth, and Fourteenth Amendment rights through punishment without due process, retaliation, failure to supervise/train, denial of procedural and substantive due process, and interference with his right

to freedom of religion. (Dkt. 11.) As a whole, these claims concern the conditions of plaintiff's confinement in the D-Unit of the King County Regional Justice Detention Center in Kent, Washington. In particular, plaintiff's procedural due process claims include the alleged failure to provide due process prior to the imposition of punishment or prior to changes in his classification within the institution, while his retaliation claims relate to the various incidents and issues detailed in his amended complaint.

In contrast, plaintiff's third motion for preliminary injunctive relief concerns the deprivation of his personal property and the effect of that deprivation. The due process violation at issue in plaintiff's motion is, therefore, of a fundamentally different character than the due process violations at issue in his amended complaint. Moreover, the alleged retaliation at issue in plaintiff's motion relates specifically to his deprivation of property claim. Finally, plaintiff's amended complaint does not contain an access to courts claim or any claims under the Sixth or Eighth Amendments.

A court grants preliminary injunctive relief to preserve the status quo and prevent irreparable harm pending a resolution on the merits of a lawsuit. *Los Angeles Memorial Coliseum Com'n*, 634 F.2d at 1200. "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Because of the difference between the claims at issue in plaintiff's third motion for preliminary injunctive relief and the claims in his amended complaint, the preliminary relief requested should be denied. *See*, *e.g.*, *id.* (upholding denial of preliminary injunctive relief where prisoner's preliminary relief claims of mistreatment stemming from the filing of his lawsuit were "entirely different" from the claims of inadequate medical treatment in his complaint).

However, despite the disconnect between plaintiff's motion and his amended complaint, the claims are arguably related to the extent any denial of access to the courts might interfere with plaintiff's ability to litigate his underlying claims. Nonetheless, plaintiff's motion should be denied

REPORT & RECOMMENDATION
PAGE -4

based on his failure to show irreparable injury.  A review of the multitude of documents filed by plaintiff in this action belies the argument he is being denied adequate access to the courts.  Indeed, in addition to numerous other documents, plaintiff filed some sixteen different motions in this case following the removal of money from his account.  (*See* Dkts. 60, 66, 70, 73, 81, 100, 109, 136, 148, 150, 153-54, 156, 163, 179, and 182.)[1]  Because plaintiff makes no showing he suffered an actual injury to his right of access, the Court must conclude he will not suffer irreparable harm absent the requested judicial intervention and, accordingly, that he is not entitled to preliminary injunctive relief.

<u>Plaintiff's Fourth Motion for Preliminary Injunctive Relief</u>

Plaintiff's fourth motion for a preliminary injunction seeks the same relief previously at issue in his first preliminary injunctive relief motion.  (*See* Dkt. 14; *see also* Dkts. 47-51.)  Because the Court denied that relief (Dkts. 104 & 115), and because that denial is currently on appeal at the Ninth Circuit Court of Appeals (*see* Dkt. 131), defendants ask that this motion be summarily denied.

However, although seeking the same relief previously denied by this Court, plaintiff rests his fourth motion for preliminary injunctive relief on different legal grounds.  That is, while plaintiff's first motion concerned alleged procedural and substantive due process violations and retaliation, his fourth motion alleges violation of the Equal Protection Clause of the Fourteenth Amendment, his Sixth Amendment right to access counsel and represent himself, and his First Amendment right to communication with counsel and family.

As stated above, plaintiff's amended complaint does not raise any claims under the Sixth Amendment.  As such, because there is no relationship between any Sixth Amendment-related injury claimed in plaintiff's motion and the claims in his amended complaint, the Court cannot grant preliminary injunctive relief on this basis.  *See*, *e.g.*, *Devose*, 42 F.3d at 471.  Likewise,

---

[1] Plaintiff also continued to actively litigate a separate action – *Silva v. Mayes*, No. C04-1484JCC – during this time period.

REPORT & RECOMMENDATION
PAGE -5

plaintiff's amended complaint – although asserting an equal protection violation in an introductory paragraph – does not include any actual allegations of a denial of equal protection of the laws. Accordingly, preliminary injunctive relief on this basis must also be denied. *Id*. Finally, the First Amendment claims in plaintiff's motion are of a fundamentally different character than the First Amendment claims in his amended complaint – which appear to relate to freedom of religion, the right to access DAJD's grievance procedure without being subject to punishment, and plaintiff's activities as a "jailhouse lawyer" – and, therefore, also cannot form the basis for a grant of preliminary injunctive relief. *Id*.[2] For these reasons, plaintiff's fourth motion for preliminary injunctive relief should be denied.

## CONCLUSION

For the reasons set forth above, the Court recommends that plaintiff's third and fourth motions for preliminary injunctive relief (Dkts. 148 & 179) be denied. A proposed order accompanies this Report and Recommendation.

DATED this 8th day of September, 2005.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Plaintiff's fourth motion for preliminary injunctive relief also discusses the denial of group religious services. However, the motion addresses that issue within the context of the alleged equal protection violations, rather than a separate freedom of religion claim. The Court further notes that it previously addressed the issue of religious services in denying plaintiff's first request for preliminary injunctive relief. (*See* Dkt. 104 (denying plaintiff's request for an injunction directing defendants to allow D-Unit inmates the same opportunities to access religious services as other general population inmates.))