01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 MATTHEW G. SILVA,                    )     CASE NO. C04-1885-JLR-MAT
                                        )
09        Plaintiff,                    )
                                        )
10   v.                                 )     ORDER RE: PLAINTIFF'S MOTION
                                        )     TO COMPEL
11 LARRY MAYES, et al.,                 )
                                        )
12        Defendants.                   )
   _____  )

13

14        Plaintiff submitted a motion to compel, seeking responses to his second set of discovery

15 requests.  (Dkt. 209.)  Defendants object to plaintiff's motion.  (Dkts. 214 & 216.)  For the

16 reasons described below, the Court concludes that plaintiff's motion should be denied.

17        The Court twice extended the discovery deadline in this matter.  First, upon plaintiff's

18 motion, the Court granted a thirty-day extension of the discovery deadline – to June 2, 2005.

19 (Dkt. 99.)  Second, following plaintiff's request for a ninety-day continuance pursuant to Federal

20 Rule of Civil Procedure 56(f), the Court granted an additional thirty-day extension of the

21 discovery deadline, which, at that point, extended the deadline to September 30, 2005.  (Dkt.

22 196.)  Plaintiff's request for a continuance included his desire to allow a response to a second set

ORDER RE: PLAINTIFF'S MOTION TO COMPEL
PAGE -1

01 of discovery requests, but rested in large part on his unsuccessful attempts to conduct depositions

02 in this case.  (*See* Dkt. 150-51.)  (*See also* Dkt. 153 (simultaneously filed motion for contempt

03 citations addressing ongoing dispute between the parties as to deposition procedures.))

04       In its order of August 31, 2005 granting plaintiff's motion for a Rule 56(f) continuance,

05 the Court questioned whether plaintiff had diligently pursued discovery in this case and noted that

06 plaintiff's motion failed to specify what specific facts precluding summary judgment additional

07 discovery would yield. (Dkt. 196.)  However, the Court nonetheless found a brief extension of

08 the discovery deadline appropriate.  (*Id.*)  The Court stated that no additional extensions of the

09 discovery deadline would be granted in this case and that all discovery must be completed by the

10 final discovery deadline established by the order.  (  *Id.*)  In that same order, the Court also

11 established a deadline of October 31, 2005 for any opposition to defendants' motion for summary

12 judgment and requested supplemental briefing from the parties as to plaintiff's motion for partial

13 summary judgment.  (*Id.*)

14       In support of his motion to compel, plaintiff submits copies of two letters addressed to

15 defense counsel and dated in October 2005 requesting a discovery conference regarding his second

16 set of discovery requests.  (*See* Dkt. 210.)  He maintains that the Court's August 31, 2005 order

17 essentially required defendants to answer his second set of discovery requests, and asserts that he

18 was unable to file dispositive motions due to the "missing evidence" and that the "materials sought

19 would uncover the actual intent of defendants in establishing D-unit conditions and in holding

20 plaintiff there for nearly 18 months, amongst other things."  (Dkt. 218 at 2 & 4.)  (*See also* Dkt.

21 219 at 3 (implying relevance of requested documents goes to the reasons behind the creation of

22 the more restrictive conditions in the D-Unit of the Regional Justice Center (RJC).))

ORDER RE: PLAINTIFF'S MOTION TO COMPEL
PAGE -2

01          Defendants note that, after they received plaintiff's second set of discovery requests, the

02   parties had a discovery conference in which defendants agreed to produce a substantial number

03   of documents, and that they produced said documents on July 15, 2005, after plaintiff filed his

04   Rule 56(f) motion for a continuance.  They concede that, at some point in July 2005, plaintiff sent

05   a follow-up letter concerning discovery, but state that, as they are unable to locate the letter in

06   question, it is not clear whether it was sent before or after plaintiff's receipt of their July 15, 2005

07   production.  Defendants assert that plaintiff did not raise any concerns regarding the adequacy of

08   the discovery provided during the second thirty-day extension of the discovery deadline, and

09   confirm that they did not provide him with any additional discovery during that time period.

10          Defendants argue that, if plaintiff believed any relevant, material discovery remained

11   outstanding after their July 15, 2005 production, he should have renewed his request after the

12   Court's August 31, 2005 order.  They add that there is no indication in the extensive supplemental

13   briefing filed by plaintiff in November 2005 that he required additional discovery to present his

14   arguments, and that it is unclear how additional discovery would help resolve this case.

15          As noted above, in its August 31, 2005 order, the Court found it questionable whether

16   plaintiff had diligently pursued discovery in this matter.  Indeed, the very discovery requests at

17   issue had been submitted *after* the conclusion of the discovery deadline then in effect.  (*See* Dkt.

18   99 (setting discovery deadline for June 2, 2005) and Dkt. 151, Ex. 3 at 16 (plaintiff's second

19   request for production of documents dated June 10, 2005.))  However, giving plaintiff the benefit

20   of the doubt, and particularly given the ongoing controversy between the parties regarding

21   deposition procedures (*see* Dkt. 196 at 1-6), the Court granted plaintiff one final extension of the

22   discovery deadline in this matter.

ORDER RE: PLAINTIFF'S MOTION TO COMPEL
PAGE -3

01   Yet, instead of renewing his discovery requests or pursuing discovery by other means, it

02   appears that plaintiff used this time to wait for a response to the discovery requests he had

03   previously submitted in an untimely fashion.  In turn, defendants assumed both that their July 15,

04   2005 production was sufficient to meet their discovery obligations and that plaintiff would have

05   renewed his discovery requests had he felt otherwise.  Under the circumstances, including the fact

06   of plaintiff's otherwise active and able litigation in this and other matters, the Court finds

07   defendants' assumptions to have been reasonable.  Additionally, the Court finds plaintiff's failure

08   to renew his discovery requests or to pursue discovery by other means during this final extension

09   of the discovery deadline to provide further foundation for the conclusion that he has not diligently

10   pursued discovery in this case.  This failure argues strongly against what would amount to a third

11   extension of the discovery deadline.

12   Moreover, and critically, the Court concludes that the information sought would not help

13   to resolve this case.  Beyond generalizations, plaintiff exclusively stresses the relevance of the

14   documents sought to the issue of the reasons behind the creation of the more restrictive conditions

15   in the RJC's D-Unit. (*See* Dkts. 218-19.)  Yet, as reflected in the Report and Recommendation

16   issued as of this date, that issue is not relevant to the resolution of this case.  Further, contrary to

17   plaintiff's assertion, it does not appear that the apparent unavailability of at least some of the

18   documents sought in his second set of discovery requests has in any respect hindered plaintiff in

19   litigating this matter.  Indeed, plaintiff's numerous filings in this case show that he has had a large

20   volume of documents in his possession pertinent to his claims.  (*See, e.g.*, Dkts. 11, 16, 82.)

21   In sum, the Court finds no basis for granting plaintiff's motion.  Accordingly, his motion

22   to compel is hereby DENIED.  The Clerk is directed to send copies of this Order to plaintiff, to

ORDER RE: PLAINTIFF'S MOTION TO COMPEL
PAGE -4

01 counsel for defendants, and to the Hon. James L. Robart.

02      DATED this  17th  day of  January , 2005.

03

04 _____
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTION TO COMPEL
PAGE -5